## MARY ELLIOT *vs.* JOHN STUART.

If the demandant in a writ of dower do not directly allege in her declaration that her late husband was seized of the premises during the coverture, but does aver, that she was by law dowable of the endowment of her late husband ; the defect is cured by a verdict in her favor.

Where a material fact is omitted in a declaration, the defect is cured, if the pleadings directly put in issue the fact omitted.

THIS case will be sufficiently understood from the opinion of the Court. The argument was in writing.

*Mellen & R. K. Porter,* for the defendant, argued, that on a motion in arrest of judgment, the declaration was fatally defective, inasmuch as there was no allegation that the deceased husband was ever seized of the lands during the marriage. It may be laid down as an axiom, that all independent facts which the plaintiff is bound to prove, must be averred in the declaration ; and that the omission of such averments is as fatal in arrest of judgment as on demurrer. *Little* v. *Thompson,* 2 *Greenl.* 231 ; 1 *T. R.* 141 ; *Williams* v. *Hing. & Q. T. Cor.* 4 *Pick.* 341 ; *Smith* v. *Moore,* 6 *Greenl.* 274 ; 1 *Chit. Pl.* 216 ; *Potter* v. *Titcomb,* 7 *Greenl.* 303 ; *Holden* v. *Eaton,* 7 *Pick.* 15 ; *Harrington* v. *Brown,* ib. 232 ;

*Gould's Pl.* 497, 503 ; *Dudley* v. *Sumner,* 5 *Mass. R.* 438 ; *Oystead* v. *Shed,* 12 *ib.* 506 ; *Kingsley* v. *Bill,* 9 *ib.* 108 ; *Oliver's Prec.* 554, 555, 556 ; *Jackson on Real Actions,* 310.

*Lowell,* for the plaintiff, commented on the cases cited, and denied their application to the present case ; remarking that most of them were actions to recover a sum given by statute, wherein the rules are different, and where greater strictness is required than in actions at common law. He contended, that the declaration did substantially allege the marriage, seizin during the coverture, and death of the husband. The declaration is an exact transcript of the form in *Oliver's Precedents,* 555, with the mere substitution of the word *freehold* for *inheritance.* 3 *Chitty on Pl.* 5*th Amer.* from 4*th Lond. Ed.* 1312. But if the declaration be defective, it is cured by the verdict. *Ward* v. *Bartholomew,* 6 *Pick.* 409 ; 1 *Chitty's Pl.* 360. The seizin of the husband during the coverture is directly put in issue by the brief statement, and must have been proved, or the verdict could not have been obtained. The declaration at the worst shows a good title defectively set out ; and all the authorities agree, that in such case a verdict will cure the defect. 2 *Mass. R.* 521 ; 3 *ib.* 160 ; 4 *ib.* 67 ; *ib.* 498 ; 5 *ib.* 306 ; 10 *ib.* 316 ; 12 *ib.* 505, 4 *Pick.* 444 ; 1 *Greenl.* 202 ; 2 *ib.* 228.

The opinion of the Court was drawn up by

WESTON C. J. — The counsel for the tenant move the Court to arrest judgment in this case, because it is not alleged in the declaration, that the late husband of the demandant was, during her coverture by him, or at any time, seized of the premises, whereof she demands dower. In her declaration, she demands her dower in a certain messuage described, whereof, as she avers, " the demandant is by law dowable, according to the true intendment of the law, as of the endowment of the said *Elliot,* her late husband." It is no doubt a rule of pleading, that facts, essential to sustain a prosecution or defence, should be stated directly, and not by way of argument or inference ; and if this rule is not observed, it is good cause of special demurrer. But after verdict, all defects of mere form, and many which would be fatal upon general demurrer, are cured.

The principles, by which Courts are governed in determining motions in arrest of judgment, have been so often the subject of

discussion, that there can be no occasion to examine them at length, or the authorities from which they are deduced. For their general illustration, we refer to *Little* v. *Thompson,* 2. *Greenl.* 228, and to *Farrington* v. *Blish & als.* 14 *Maine R.* 423, decided recently by this Court. After verdict, that is presumed to have been proved, which is expressly stated in the declaration, or which is necessarily implied from the facts which are stated.

The demandant could not be dowable, as of the endowment of her late husband, unless he had been seized during the coverture. This averment in the declaration, could not otherwise have been proved. And this we hold to be decisive against the motion, upon the authorities, which will be found stated or referred to, in the cases before cited. It further appears, from the record, that the seizin of the husband was directly in issue before the jury, that being a point taken, under the brief statement, which is a substitute for special pleading. In *Slack* v. *Lyon & al.* 9 *Pick,* 62, it was held, upon a motion in arrest, that the entire want of the averment of material facts in the declaration, is cured by the plea, in which the facts omitted are set forth. Here the seizin of the husband was denied in the brief statement ; but that denial was traversed by joining the general issue, to which the brief statement was appended. The seizin of the husband during the coverture, was affirmed by necessary implication in the declaration ; and it was expressly put in issue by the pleadings. The jury could not have returned a verdict for the demandant, without finding that fact.

*Motion in arrest overruled.*